**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**SALLY DUNHAM**,

**Plaintiff,**

**v.**

**WAL-MART STORES, INC., d/b/a**
**WAL-MART,**

**Defendant.**                                        **No. 11-cv-186-DRH**

## ORDER

**HERNDON, Chief Judge:**

This case turns on whether defendant, Wal-Mart Stores, Inc., d/b/a Wal-Mart, timely filed a notice of removal, removing plaintiff Sally Dunham's retaliatory discharge suit from state court to this Court on the basis of diversity jurisdiction. Plaintiff filed a motion to remand (Doc. 6), contending that defendant's notice of removal was untimely because it was not filed within thirty days after defendant was served with the complaint, that plaintiff's complaint alleged sufficient facts to establish that the case was removable to federal court, and that defendant waived its right to file a notice of removal by filing an answer and affirmative defenses. The Court disagrees and denies plaintiff's motion to remand (Doc. 6).

## I. Background

On December 8, 2010, plaintiff filed suit against defendant, alleging retaliatory discharge for exercising her rights under the Illinois Workers Compensation Act, 820

ILCS 305/1 *et seq.* In her complaint, plaintiff alleged, in relevant part, that she was a resident of Illinois and had been employed by defendant as a sale associate at a store in Marion, Illinois, for approximately ten years. In plaintiff's prayer for relief, plaintiff sought a judgment against defendant for a reasonable sum in excess of $50,000, costs of suit and for such other relief as this Court deems appropriate.

On December 13, 2010, defendant was served with process, and on January 12, 2011, defendant filed its answer to the complaint. On January 31, 2011, filed its first set of requests for admission to plaintiff, seeking plaintiff to admit that she was a citizen of Illinois and, as is defendant's practice, for plaintiff to admit that plaintiff was seeking in excess of $75,000, exclusive of interest and costs. On February 16, 2011, plaintiff filed a response to defendant's first set of request for admission, admitting that plaintiff was a citizen of the State of Illinois[1] and that plaintiff was seeking in excess of $75,000, exclusive of interest and costs. Accordingly, on March 11, 2011, defendant filed its notice of removal (Doc. 2) in this Court, alleging that removal was proper based upon diversity jurisdiction under 28 U.S.C. § 1441(a). On April 7, 2011, plaintiff filed a motion for remand (Doc. 6), and on April 29, 2011, defendant filed a response (Doc. 8). For the reasons that follow, the motion (Doc. 6) is denied.

---

[1] While this was not explicitly what was admitted to, this is what plaintiff's admissions established, and plaintiff does not dispute that she was a citizen of the State of Illinois.

## II. Analysis

It is well known that removal is proper over any action that could have been filed originally in federal court. 28 U.S.C. § 1441; *Tylka v. Gerber Products Co.*, 211 F.3d 445, 448 (7th Cir. 2000). The removal statute, 28 U.S.C. § 1441, is construed narrowly and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Defendant bears the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. See *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997).

This case was removed here on the basis of diversity jurisdiction. "For good or ill, Congress has authorized the removal of cases in which the parties are of diverse citizenship and the states exceed $75,000." *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999). "When either side to such a suit prefers the federal forum, that preference prevails." *Id.*

The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). Factual allegations of citizenship must be made in the pleadings, demonstrating complete diversity. See *Chi. Stadium Corp. v. Ind.*, 220 F.2d 797, 798-99 (7th Cir. 1955). "[A]llegations of residence are insufficient to

establish diversity jurisdiction." *Tylka*, 211 F.3d at 448 (citing *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) ("When parties allege residence but not citizenship, the court must dismiss the suit.")).

"In removed cases, the amount alleged in the plaintiff's complaint, if sufficient to meet the jurisdictional requirements of § 1332, is presumed correct on the assumption that a plaintiff would not fabricate the amount in controversy to meet the federal diversity jurisdiction requirements and then file her suit in state court relying on the defendant to remove the case to federal court." *Id.* (citing *St. Paul Mercury*, 303 U.S. at 290-91). "In keeping with this presumption, our court has adopted a rule that the removing party must establish any disputed aspect of diversity jurisdiction by offering 'evidence which provides to a reasonable probability that jurisdiction exists.'" *Id.* (citing *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)).

Relevant to this case, 28 U.S.C. § 1446(b), the removal statute, provides as follows:

> "The notice or removal of a civil action shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, which period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may

not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. § 1446(b).

"The purpose of the 30-day limitation is twofold." *Wilson v. Intercollegiate Collegiate Conference Athletic Assoc.*, 668 F.2d 962, 965 (7th Cir. 1982). First, "to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system." *Id.* Second, "to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court." *Id.*

Here, plaintiff does not dispute that both requirements for diversity jurisdiction have not been met, just that defendant either untimely removed the case from state court or waived the right to remove. The Court disagrees. Plaintiff's complaint as filed in state court would not have established diversity jurisdiction as plaintiff failed to allege plaintiff's citizenship or an amount in controversy exceeding $75,000, exclusive of interest and costs. See *Tylka*, 211 F.3d at 448 ("[A]llegations of residence are insufficient to establish diversity jurisdiction."); *Guaranty Nat'l Title Co.*, 101 F.3d at 59 ("When parties allege residence but not citizenship, the court must dismiss the suit."). Accordingly, rather than file its notice of removal prior to having this information and therefore not knowing if the case was removable, defendant filed its request for admissions, to which plaintiff's response established that diversity jurisdiction existed. This was the "other paper" from which defendant

first ascertained the case was removable. This was proper for defendant to do and defendant timely filed its notice of removal within thirty days from the date from which it first ascertained that the case was removable, and approximately three months after the complaint was filed – well before the one year deadline. See 28 U.S.C. § 1446(b). Furthermore, defendant's removal is consistent with the purpose behind § 1446(b)'s thirty day' limitation, in that defendant did not use removal as a tactic to wait and see how it faired in state court prior to filing its notice of removal and because significant proceedings have not taken place in state court. Thus, defendant did not waive its right to file a notice of removal by filing an answer and affirmative defenses. Defendant simply participated in the litigation until it discovered that the case was removable.

### III. Conclusion

For the reasons stated above, plaintiff's motion to remand (Doc. 6) is denied.

**IT IS SO ORDERED.**

**Signed this 7th day of October 2011.**

Digitally signed by
David R. Herndon
Date: 2011.10.07
13:35:01 -05'00'

**Chief Judge
United States District Court**